1 Kevin A. Dorse (State Bar No. 146942)
   kdorse@tocounsel.com
2 Scott K. Behrendt (State Bar No. 200217)
   sbehrendt@tocounsel.com
3 Edward E. Johnson (State Bar No. 241065)
   ejohnson@tocounsel.com
4 THEODORA ORINGHER PC
   1840 Century Park East, Suite 500
5 Los Angeles, California 90067-2120
   Telephone: (310) 557-2009
6 Facsimile: (310) 551-0283

7 David Donahue (admitted *pro hac vice*)
   ddonahue@fzlz.com
8 Leo Kittay (admitted *pro hac vice*)
   lkittay@fzlz.com
9 FROSS ZELNICK LEHRMAN & ZISSU, P.C.
   4 Times Square, 17th Floor
10 New York, New York 10036
   Telephone: (212) 813-5900
11 Facsimile: (212) 813-5901

12 *Attorneys for Plaintiff Peloton*
   *Interactive, Inc.*

13

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| PELOTON INTERACTIVE, INC., | 2:17-cv-08007-GW-MRWx |
| Plaintiff, | Magistrate Judge Michael R. Wilner |
| v. | |
| JEFF WIMMER'S STUDIOCYCLES and TOTAL BODY EXPERTS LLC, | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

MICHAEL R. WILNER, U.S. Magistrate Judge:

-1-
{F2689023.2 }

1.  **INTRODUCTION**

    1.1  **PURPOSES AND LIMITATIONS**

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2  **GOOD CAUSE STATEMENT**

    Discovery in this action likely will include confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

{F2689023.2 }

1  that the parties are permitted reasonable necessary uses of such material in
2  preparation for and in the conduct of trial, to address their handling at the end of the
3  litigation, and serve the ends of justice, a protective order for such information is
4  justified in this matter. It is the intent of the parties that information will not be
5  designated as confidential for tactical reasons and that nothing be so designated
6  without a good faith belief that it has been maintained in a confidential, non-public
7  manner, and there is good cause why it should not be part of the public record of this
8  case.

9      Moreover, discovery in this action may also involve highly confidential and
10  commercially sensitive business and proprietary information such as revenue
11  information, advertising budgets, profit margins, trade secrets, customer and pricing
12  lists and other valuable research, development, commercial, financial, technical
13  and/or proprietary information. Because the parties are direct competitors selling at-
14  home stationary bikes and this action likely will involve the disclosure of
15  competitively sensitive material, good cause also exists for a "HIGHLY
16  CONFIDENTIAL – ATTORNEYS' EYES ONLY" confidentiality designation. *See,*
17  *e.g.*, *Satmodo, LLC v. Whenever Comms., LLC*, No.: 3:17-cv-192-AJB-NLS, 2018
18  WL 1071707, at *2 (S.D. Cal. Feb. 27, 2018) ("The potential for prejudice and/or
19  harm are high when producing marketing, financial, or other confidential and
20  proprietary information to a direct competitor."); *Nutratech, Inc. v. Syntech (SSPF)*
21  *Intern., Inc.*, 242 F.R.D. 552, 555 (finding that defendant demonstrated good cause
22  for protective order limiting disclosure of certain information to "Attorney's Eyes
23  Only" where it feared it would "suffer competitive harm if its customer and supplier
24  lists [we]re disclosed to [plaintiff]").

25
26
27
28  {F2689023.2 }

-3-

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

1  2.     DEFINITIONS

2       2.1    Action: This pending federal lawsuit: *Peloton Interactive, Inc. v. Jeff*
3  *Wimmer's StudioCycles and Total Body Experts LLC*, No. 2:17-cv-08007-GW-
4  MRW.

5       2.2    Challenging Party: a Party or Non-Party that challenges the designation
6  of information or items under this Order.

7       2.3    "CONFIDENTIAL" Information or Items: information (regardless of
8  how it is generated, stored or maintained) or tangible things that qualify for
9  protection under Federal Rule of Civil Procedure 26(c), and as specified above in
10 the Good Cause Statement.

11      2.4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
12 Information or Items: information (regardless of how it is generated, stored or
13 maintained) or tangible things that the Producing Party believes in good faith to
14 include private, proprietary, personal, or trade secret (as such term is defined in
15 California Civil Code § 3426.11[1]) information that has not been made generally
16 available to the public, and is highly sensitive such that its disclosure would harm a
17 Party's competitive position and give the other Party or a Non-Party an unfair
18 competitive advantage over that Party.

19      2.5    Counsel: Outside Counsel of Record and House Counsel (as well as
20 their support staff).

21

22

---

23 [1] California Civil Code § 3426.1 provides that trade secret "means information,
including a formula, pattern, compilation, program, device, method, technique, or
24 process, that: (1) Derives independent economic value, actual or potential, from not
25 being generally known to the public or to other persons who can obtain economic
value from its disclosure or use; and (2) Is the subject of efforts that are reasonable
26 under the circumstances to maintain its secrecy."

27
                                          -4-
28 {F2689023.2 }

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

{F2689023.2 }

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

{F2699023.2 }

1  including the time limits for filing any motions or applications for extension of time
2  pursuant to applicable law.

3

4  5.    DESIGNATING PROTECTED MATERIAL

5        5.1    Exercise of Restraint and Care in Designating Material for Protection.
6  Each Party or Non-Party that designates information or items for protection under
7  this Order must take care to limit any such designation to specific material that
8  qualifies under the appropriate standards.  The Designating Party must designate for
9  protection only those parts of material, documents, items, or oral or written
10  communications that qualify so that other portions of the material, documents,
11  items, or communications for which protection is not warranted are not swept
12  unjustifiably within the ambit of this Order.

13        Mass, indiscriminate, or routinized designations are prohibited.  Designations
14  that are shown to be clearly unjustified or that have been made for an improper
15  purpose (e.g., to unnecessarily encumber the case development process or to impose
16  unnecessary expenses and burdens on other parties) may expose the Designating
17  Party to sanctions.

18        If it comes to a Designating Party's attention that information or items that it
19  designated for protection do not qualify for protection, that Designating Party must
20  promptly notify all other Parties that it is withdrawing the inapplicable designation.

21        5.2    Manner and Timing of Designations.  Except as otherwise provided in
22  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
23  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
24  under this Order must be clearly so designated before the material is disclosed or
25  produced.

26        Designation in conformity with this Order requires:

27

-7-
28  {F2689023.2 }

1    (a) for information in documentary form (e.g., paper or electronic documents,
2    but excluding transcripts of depositions or other pretrial or trial proceedings), that
3    the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or
4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter
5    "CONFIDENTIALITY Legend"), to each page that contains protected material.  If
6    only a portion or portions of the material on a page qualifies for protection, the
7    Producing Party also must clearly identify the protected portion(s) (e.g., by making
8    appropriate markings in the margins).

9    A Party or Non-Party that makes original documents available for inspection
10   need not designate them for protection until after the inspecting Party has indicated
11   which documents it would like copied and produced.  During the inspection and
12   before the designation, all of the material made available for inspection will be
13   deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the
14   inspecting Party has identified the documents it wants copied and produced, the
15   Producing Party must determine which documents, or portions thereof, qualify for
16   protection under this Order.  Then, before producing the specified documents, the
17   Producing Party must affix the "CONFIDENTIALITY legend" or the "HIGHLY
18   CONFIDENTIAL – ATTORNEYS' EYES ONLY legend," as appropriate, to each
19   page that contains Protected Material.  If only a portion or portions of the material
20   on a page qualifies for protection, the Producing Party also must clearly identify the
21   protected portion(s) (e.g., by making appropriate markings in the margins).

22   (b) for testimony given in depositions that the Designating Party identify the
23   Disclosure or Discovery Material on the record, before the close of the deposition all
24   protected testimony; Failure of counsel to designate testimony or exhibits at a
25   deposition, however, shall not waive the protected status of the testimony or
26   exhibits.  Counsel may designate specific testimony or exhibits as Protected

27

28   {F2689023.2 }

-8-

1    Material within thirty (30) calendar days after receiving the transcript of the

2    deposition. If counsel for the deponent or Party fails to designate the transcript or

3    exhibits as Protected Material within the above-described thirty-day period, any

4    Party shall be entitled to treat the transcript or exhibits as containing no Protected

5    Material; and

6            (c) for information produced in some form other than documentary and for

7    any other tangible items, that the Producing Party affix in a prominent place on the

8    exterior of the container or containers in which the information is stored the legend

9    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

10   ONLY," as appropriate. If only a portion or portions of the information warrants

11   protection, the Producing Party, to the extent practicable, will identify the protected

12   portion(s).

13        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

14   failure to designate qualified information or items does not, standing alone, waive

15   the Designating Party's right to secure protection under this Order for such material.

16   Upon timely correction of a designation, the Receiving Party must make reasonable

17   efforts to assure that the material is treated in accordance with the provisions of this

18   Order.

19

20   6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

21        6.1    Timing of Challenges. Any Party or Non-Party may challenge a

22   designation of confidentiality at any time that is consistent with the Court's

23   Scheduling Order.

24        6.2    Meet and Confer. The Challenging Party will initiate the dispute

25   resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1

26   et seq.

27

-9-

28   {F2689023.2 }

1      6.3     The burden of persuasion in any such challenge proceeding will be on

2 the Designating Party. Frivolous challenges, and those made for an improper

3 purpose (e.g., to harass or impose unnecessary expenses and burdens on other

4 parties) may expose the Challenging Party to sanctions. Unless the Designating

5 Party has waived or withdrawn the confidentiality designation, all parties will

6 continue to afford the material in question the level of protection to which it is

7 entitled under the Producing Party's designation until the Court rules on the

8 challenge.

9

10 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

11      7.1    Basic Principles. A Receiving Party may use Protected Material that is

12 disclosed or produced by another Party or by a Non-Party in connection with this

13 Action only for prosecuting, defending, or attempting to settle this Action. Such

14 Protected Material may be disclosed only to the categories of persons and under the

15 conditions described in this Order. When the Action has been terminated, a

16 Receiving Party must comply with the provisions of section 13 below (FINAL

17 DISPOSITION).

18     Protected Material must be stored and maintained by a Receiving Party at a

19 location and in a secure manner that ensures that access is limited to the persons

20 authorized under this Order.

21      7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

22 otherwise ordered by the court or permitted in writing by the Designating Party, a

23 Receiving Party may disclose any information or item designated

24 "CONFIDENTIAL" only to:

25

26

27

28   [F2689023.2 ]

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

1    (a) the Receiving Party's Outside Counsel of Record in this Action, as
2    well as employees of said Outside Counsel of Record to whom it is reasonably
3    necessary to disclose the information for this Action;

4    (b) the officers, directors, and employees (including House Counsel) of
5    the Receiving Party to whom disclosure is reasonably necessary for this Action;

6    (c) Experts (as defined in this Order) of the Receiving Party to whom
7    disclosure is reasonably necessary for this Action and who have signed the
8    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9    (d) the Court and its personnel;

10    (e) court reporters and their staff;

11    (f) professional jury or trial consultants, mock jurors, and Professional
12    Vendors to whom disclosure is reasonably necessary for this Action and who have
13    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14    (g) the author or recipient of a document containing the information or
15    a custodian or other person who otherwise possessed or knew the information;

16    (h) during their depositions, witnesses, and attorneys for witnesses, in
17    the Action to whom disclosure is reasonably necessary provided: (1) the deposing
18    party requests that the witness sign the form attached as Exhibit A hereto; and (2)
19    they will not be permitted to keep any confidential information, unless otherwise
20    agreed by the Designating Party or ordered by the court. Pages of transcribed
21    deposition testimony or exhibits to depositions that reveal Protected Material may
22    be separately bound by the court reporter and may not be disclosed to anyone except
23    as permitted under this Stipulated Protective Order; and

24    (i) any mediator or settlement officer, and their supporting personnel,
25    mutually agreed upon by any of the parties engaged in settlement discussions.

26

27
                                    -11-
28   {F2689023.2 }                STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

7.3     Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) professional jury or trial consultants, mock jurors and Professional Vendors, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses (not falling into any of the foregoing categories), and attorneys for witnesses (not falling into any of the foregoing categories), in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness and his or her attorney sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately

{F2689023.2 }

1  bound by the Court reporter and may not be disclosed to anyone except as permitted
2  under this Order; and

3           (g) any mediator or settlement officer, and their supporting personnel,
4  mutually agreed upon by any of the parties engaged in settlement discussions and
5  who, if not members or employees of the Court, have signed the "Acknowledgment
6  and Agreement to Be Bound" (Exhibit A).

7           Notwithstanding any of the foregoing, the Parties may mutually agree
8  in writing to allow one or more identified employees of the Receiving Party to
9  access information or items designated "HIGHLY CONFIDENTIAL-ATTORNEYS'
10  EYES ONLY" subject to the conditions, restrictions, and obligations set forth in this
11  Order and any other agreed upon conditions, restrictions, and obligations on a case
12  by case basis without having to seek leave of court.

13

14  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
15  IN OTHER LITIGATION

16          If a Party is served with a subpoena or a court order issued in other litigation
17  that compels disclosure of any information or items designated in this Action as
18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"
19  that Party must:

20          (a) promptly notify in writing the Designating Party. Such notification will
21  include a copy of the subpoena or court order;

22          (b) promptly notify in writing the party who caused the subpoena or order to
23  issue in the other litigation that some or all of the material covered by the subpoena
24  or order is subject to this Protective Order. Such notification will include a copy of
25  this Stipulated Protective Order; and

26

27
                                    -13-
28                     STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER
   {F2689023.2 }

1  (c) cooperate with respect to all reasonable procedures sought to be pursued
2  by the Designating Party whose Protected Material may be affected.

3  If the Designating Party timely seeks a protective order, the Party served with
4  the subpoena or court order will not produce any information designated in this
5  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS'
6  EYES ONLY" before a determination by the court from which the subpoena or
7  order issued, unless the Party has obtained the Designating Party's permission. The
8  Designating Party will bear the burden and expense of seeking protection in that
9  court of its confidential material and nothing in these provisions should be construed
10  as authorizing or encouraging a Receiving Party in this Action to disobey a lawful
11  directive from another court.

12

13  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
14  PRODUCED IN THIS LITIGATION

15  (a) The terms of this Order are applicable to information produced by a Non-
16  Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY
17  CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by
18  Non-Parties in connection with this litigation is protected by the remedies and relief
19  provided by this Order. Nothing in these provisions should be construed as
20  prohibiting a Non-Party from seeking additional protections.

21  (b) In the event that a Party is required, by a valid discovery request, to
22  produce a Non-Party's confidential information in its possession, and the Party is
23  subject to an agreement with the Non-Party not to produce the Non-Party's
24  confidential information, then the Party will:

25

26

27

-14-

28  {F2689023.2 }

1    (1) promptly notify in writing the Requesting Party and the Non-Party
2  that some or all of the information requested is subject to a confidentiality
3  agreement with a Non-Party;

4    (2) promptly provide the Non-Party with a copy of the Stipulated
5  Protective Order in this Action, the relevant discovery request(s), and a reasonably
6  specific description of the information requested; and

7    (3) make the information requested available for inspection by the Non-
8  Party, if requested.

9    (c) If the Non-Party fails to seek a protective order from this court within 14
10  days of receiving the notice and accompanying information, the Receiving Party
11  may produce the Non-Party's confidential information responsive to the discovery
12  request. If the Non-Party timely seeks a protective order, the Receiving Party will
13  not produce any information in its possession or control that is subject to the
14  confidentiality agreement with the Non-Party before a determination by the court.
15  Absent a court order to the contrary, the Non-Party will bear the burden and expense
16  of seeking protection in this court of its Protected Material.

17

18  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

19    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
20  Protected Material to any person or in any circumstance not authorized under this
21  Stipulated Protective Order, the Receiving Party must immediately (a) notify in
22  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
23  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
24  persons to whom unauthorized disclosures were made of all the terms of this Order,
25  and (d) request such person or persons to execute the "Acknowledgment and
26  Agreement to Be Bound" that is attached hereto as Exhibit A.

27

28  STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER
{F2689023.2 }

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection does not effect a waiver in connection with the Action or any other federal or state proceeding.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

-16-

{F2689023.2 }

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

-17-
STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

{F2689023.2 }

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  New York, New York      FROSS ZELNICK LEHRMAN & ZISSU, P.C.
        July 27, 2018


        By: _____
            David Donahue
            Leo Kittay
            4 Times Square
            17th Floor
            New York, New York 10036
            (212) 813-5900

        Attorneys for Plaintiff Peloton Interactive, Inc.


Dated:  San Jose, California      ROPERS, MAJESKI, KOHN & BENTLEY
        July 27, 2018


        By: _____
            Michael J. Iaonnou
            Curtis R. Tingley
            Kevin W. Isaacson
            Clark A. Waldon
            50 West San Francisco Street, Suite 1400
            San Jose, California 95113
            (408) 287-6262

        Attorneys for Defendants Total Body Experts
        LLC and Jeff Wimmer's StudioCycles


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: ___July 30, 2018___

            _____
            HON. MICHAEL R. WILNER
            United States Magistrate Judge

-18-

{F2689023.2 }

**<u>Exhibit A</u> to Stipulated Confidentiality and Protective Order**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| PELOTON INTERACTIVE, INC., | 2:17-cv-08007-GW-MRW |
| Plaintiff, | Magistrate Judge Michael R. Wilner |
| v. | |
| JEFF WIMMER'S STUDIOCYCLES and TOTAL BODY EXPERTS LLC, | **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND** |
| Defendants. | |

I, _____ [full name], of _____

[full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California in the case of

*Peloton Interactive Inc. v. Jeff Wimmer's StudioCycles and Total Body Experts LLC*,

No. 2:17-cv-08007-GW-MRW. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

-19-

{F2689023.2 }

termination of this action.  I hereby appoint _____ [full

name] of _____ [full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.




Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

{F2689023.2 }